UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GEORGIA FILM FUND FOUR, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:13-cv-185-PLR-HBG |
| | ) | |
| DOES 1-97, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court a Motion to Dismiss and/or Motion to Sever and Quash filed by Defendant Doe 17 [Doc. 7]. In the motion, Doe 17 argues that the claims against Doe 17 should be dismissed based upon a failure to state a claim upon which relief can be granted. Doe 17 also asserts that the joinder of the Plaintiff's claims against he and 96 other defendants is improper, and Doe 17 moves the Court to sever or dismiss the claim against Doe 17. Additionally, Doe 17 moves the Court to quash the subpoena served upon his internet service provider. Plaintiff has responded in opposition to Doe 17's motion [Doc. 12], and Doe 17 has filed a final reply in support of the Motion [Doc. 14]. On December 23, 2013, Plaintiff filed a Notice of Dismissal, dismissing all defendants from this case except Doe 17. [Doc. 11]. The Court finds that Doe 17's motion is now ripe for adjudication.

### A. Motion to Dismiss and/or Motion to Sever

Doe 17 moves the Court to dismiss this case, pursuant to Fed. R. Civ. P. 12(b), for failure to state a claim upon which relief may be granted. [Doc. 7 at 9]. Doe 17, however, concedes that he or she has not been served with a Complaint in this case. Doe 17 "denies being subject to the jurisdiction of this honorable Court, and reserves all arguments and defenses pertaining to lack of jurisdiction." [Id. at 1]. The Court finds that, given the procedural posture of this case, the request to dismiss based upon failure to state a claim is premature. Accordingly, Doe 17's request to dismiss based upon a failure to state a claim is **DENIED WITHOUT PREJUDICE**.

In the alternative, Doe 17 moves the Court to find that joinder of the claim against Doe 17 with the clams against the other 96 doe defendants is not appropriate under Rule 20 of the Federal Rules of Civil Procedure. Doe 17 moves the Court to sever or dismiss the claim against Doe 17 on that basis. The Court finds that this request for relief is not well-taken, because on December 23, 2013, the Plaintiff dismissed the claims against all of the defendants in this case except for Doe 17. Thus, it appears there is no longer a basis for the Court to find that joinder is inappropriate. Accordingly, Doe 17's request to sever or dismiss based upon a failure to state a claim is **DENIED AS MOOT**.

### B. Motion to Quash

The Court has considered the parties' positions and the applicable law with regard to the service of a subpoena on Doe 17's internet service provider, and the Court finds that the motion is not well-taken. See Killer Joe Nevada v. Does, Case No. 3:13-CV-217, Memorandum and Order (E.D. Tenn. Oct. 28, 2013).

The Court finds, first, that Doe 17 does not have standing to object to the subpoenas served upon a third-party internet service provider. See Waite, Schneider, Bayless & Chesley

2

Co. L.P.A. v. Davis, 2013 WL 146362, at *5 (S.D. Ohio Jan. 14, 2013); First Time Videos v. Does 1-500, 276 F.R.D. 241 (N.D. Ill. 2011).

Further, the Court finds that Doe 17 has not demonstrated that the subpoena at issue should be quashed pursuant to Rule 45 of the Federal Rules of Civil Procedure. Specifically, the Court finds that the subpoena does not impose a burden upon Doe 17. In addition, the Court finds that Doe 17 has not demonstrated that the Court should issue a protective order pursuant to Rule 26 of the Federal Rules of Civil Procedure, because again, Doe 17 has failed to demonstrate that the subpoena imposes a burden upon Doe 17.

Finally, Doe 17 has not cited the Court to any privilege – *e.g.* attorney-client, doctor-patient – that protects a person's name, address, or phone number from disclosure. Moreover, "courts have consistently held that Internet subscribers do not have a reasonable expectation of privacy in their subscriber information – including name, address, phone number, and email address – as they have already conveyed such information to their ISPs." First Time Videos, 276 F.R.D. at 247 (citing Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4,577, 736 F.Supp.2d 212 (D.D.C. 2010)). Because Doe 17 has already shared the information sought in the subpoena with the internet service provider for purposes of setting up their internet subscription, the Court finds that this basic information is neither privileged nor protected.

Accordingly, Doe 17's request to quash the subpoena served upon the internet service provider is **DENIED**.

C.  **Conclusion**

Based upon the foregoing, the Court finds that the Motion to Dismiss and/or Motion to Sever and Quash filed by Defendant Doe 17 **[Doc. 7]** is not well-taken, and it is **DENIED**. Specifically, Doe 17's request to dismiss based upon a failure to state a claim is **DENIED WITHOUT PREJUDICE**, and Doe 17's request to sever or dismiss based upon a failure to state a claim is **DENIED AS MOOT**. Further, Doe 17's request to quash the subpoena served upon the internet service provider is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge